# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JASON O. JOHNSON,

        Petitioner,

v.                                   Case No. 16-12489

KATHLEEN OLSON,

        Respondent.

_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING PETITIONER'S MOTION TO STAY, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Christopher Jason Johnson, ("Petitioner"), filed a petition for writ of habeas corpus challenging his St. Clair County Circuit Court plea-based conviction for unarmed robbery. Petitioner was sentenced to a term of five to fifteen years. The petition will be denied because Petitioner's sole sentencing claim cannot be supported by clearly established Supreme Court law as required by 28 U.S.C. § 2254(d). The Court will also deny Petitioner's alternative request to stay the petition, deny a certificate of appealability, and deny leave to appeal in forma pauperis.

### I. Background

Petitioner's conviction stemmed from an incident where he robbed the attendant at an Admiral Gas Station in Port Huron, Michigan. Petitioner pleaded guilty to unarmed robbery in exchange for dismissal of resisting arrest and habitual offender charges. (Dkt. #11-2, Pg. ID 82-83.) There was no sentencing agreement, and Petitioner was informed that his maximum sentence would be fifteen years. (*Id.*, Pg. ID 85.)

At the sentencing hearing the sentencing guidelines were calculated to call for a minimum sentencing term between 42 and 86 months. (Dkt. #11-3, Pg. ID 105.) Petitioner was sentenced to a minimum term of five years and a maximum term of fifteen years. (*Id.*, Pg. ID 110.)

Following sentencing, Petitioner was appointed appellate counsel who filed an application for leave to appeal in the Michigan Court of Appeals. The appeal raised the following claims:

I. The trial court committed clear error in scoring Offense Variable 10.

II. Johnson has a constitutional right to have an ability to pay assessment before he is ordered to pay attorney fees.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Johnson*, No. 324771, at *1 (Mich. Ct. App. Jan 5, 2015). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application on June 30, 2015, because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Johnson*, 498 Mich. 854 (2015) (Table).

## II. Standard of Review

 28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004); see also *Woods v. Etherton,* No. 15-723, 2016 WL 1278478, at *3 (U.S. Apr. 4, 2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

3

## III. Discussion

Petitioner's sole habeas claim asserts that the trial court erred in assessing him points under Michigan's sentencing guidelines for "predatory conduct." He claims that his Sixth Amendment right to a jury trial was violated because there was no jury finding beyond a reasonable doubt that he engaged in predatory conduct, and he did not admit to such conduct at the guilty plea hearing. Petitioner recognizes that he did not present his claim on direct review as a federal one, so he asks in the alternative for the court to stay his case so he can file for state post-conviction review on this basis if the petition is not granted. (*See* Dkt. #1, Pg. ID 21.)

First, any argument that the sentencing guidelines were scored incorrectly under state law is not cognizable. A state trial "court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Consequently, Petitioner's allegation that the trial court incorrectly scored an offense variable of the state sentencing guidelines is not a cognizable claim. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).

As for Petitioner's Sixth Amendment claim, on June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. See *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the

4

prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

*Alleyne*, however, is inapplicable to Petitioner's case because *Alleyne* "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." See *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); see also *United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (unpublished) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit  have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (unpublished) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors. . . ."). Petitioner's claim concerns judicial findings that set the guideline range for his minimum sentence. The Sixth Circuit has ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished).

Petitioner points to the fact that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. See *People v. Lockridge*, 498 Mich. 358 (2015). Petitioner cannot rely on a state court decision, however, to obtain federal habeas corpus relief. The § 2254(d) standard of review prohibits the use of lower court decisions in determining whether a habeas petitioner's federal constitutional rights were violated. See *Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan

5

Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 16-206, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016).

Petitioner's alternative request to stay his petition and hold the case in abeyance while he presents his claim under *Lockridge* is likewise without merit. A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is not available, however, where a petitioner's unexhausted claim is "plainly meritless." *Id.* at 277.

*Lockridge* cannot form the basis for granting any future federal habeas relief as explained above. Nor does it appear that the state courts will give Petitioner the benefit of that decision on post-conviction review. The Michigan Supreme Court "made its holding [in *Lockridge*] applicable only to cases still pending on direct review." *Hawkins v. Napel*, No. 13-43, 2016 WL 1055755, at *2 n.1 (W.D. Mich. Mar. 17, 2016). (unpublished) (emphasis added). Petitioner's direct review ended on June 30, 2015, when the Michigan Supreme Court denied relief, and *Lockridge* was issued about a month later on July 29, 2015. As a potential future federal habeas claim, Petitioner's unexhausted *Lockbridge* claim is plainly meritless. The Court therefore denies Petitioner's alternate request to stay this case.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied because the claim it raises is devoid of merit. Therefore, the Court denies a certificate of appealability. Furthermore, leave to appeal in forma pauperis will be denied because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

### V. CONCLUSION

IT IS ORDERED, that the petition for a writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that Petitioner's request for an abeyance is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability and permission to proceed on appeal in forma pauperis are DENIED.

       S/Robert H. Cleland                 
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2017, by electronic and/or ordinary mail.

       S/Shawna C. Burns                  
       Case Manager Generalist
       (810) 984-2056